**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities and Exchange Commission, | No. 96-02243-PHX-EHC |
| Plaintiff, | **ORDER** |
| vs. | |
| Robert D. Poirier; Robert J. Palm; James R. Vincent; and Richard E. Wensel, | |
| Defendants. | |

Before the Court is the Ex Parte Application to Withdraw as Counsel of Record (Dkt. 302), filed by Michael L. Parrish of the law firm of Stinson Morrison Hecker LLP. Plaintiff, Securities and Exchange Commission, opposes Mr. Parrish's *ex parte* application (Dkt. 305). For the reasons stated herein, Mr. Parrish's motion is denied.

**I.   Background**

Final Judgement was entered against Robert Palm on August 13, 2001 (Dkt. 258), followed by an order of Contempt on June 28, 2002, and the issuance of a warrant for his arrest. (Dkt. 268). Since that time, Mr. Palm has been a fugitive of this Court and has not satisfied the $2.6 million judgment entered against him and the other defendants. Mr. Palm's last known address is believed to be in Vancouver, British Columbia. On August 1, 2007, Mr. Parrish filed an *ex parte* application for him and his law firm to withdraw as counsel of record for Mr. Palm. The *ex parte* application bore the written approval of Mr. Palm, in compliance with Local Rule of Civil Procedure 83.3(b)(1). Plaintiff responded to the *ex parte* application, arguing, *inter alia*, that Mr. Palm's flight from the United

States renders local counsel is necessary to effectuate communications between this Court and Mr. Palm.

## II.     Plaintiff's Argument

Plaintiff's argument against withdrawal raises interesting questions that have not been adequately addressed in the case law of this circuit. Plaintiff, however, cites an analogous case arising in the Third Circuit involving similar facts. See Ohntrup v. Firearms Center, Inc., 802 F.2d 676 (3d Cir. 1986). In Ohntrup, the Third Circuit reviewed the decision of district court denying the application of the law firm of Morgan, Lewis & Bockius ("Morgan") to withdraw as counsel of record for a firearm manufacturer, Makina ve Kimya Endustrisi Kurumu ("Makina"), which was wholly owned by the Turkish government and had no operations within the United States. The motion to withdraw came after a trial in which judgment was entered against Makina in the sum of $847,173.97. During the post-judgment phase, Plaintiffs continued serving papers upon Morgan even though Morgan was unable to learn from Makina what action Makina wanted Morgan to undertake on its behalf. Makina informed Morgan that it no longer wished Morgan to continue its representation, and Morgan filed its motion to withdraw. The district court denied Morgan's request to withdraw and the Third Circuit affirmed, holding that the district court had not abused its discretion.

## III.    Mr. Parrish's Argument

Mr. Parrish argues in his *ex parte* application that he cannot perform his ethical obligations given that Mr. Palm does not consider Mr. Parrish to be his attorney and does not wish for him to continue as attorney of record. Plaintiff points out that a similar argument was made in Ohntrup. The Court there noted that the applicable attorney disciplinary rule which required withdrawal from representation once a client discharged an attorney, was specifically qualified by another section providing that if court permission for withdrawal was required, then the lawyer should not withdraw in a proceeding before a tribunal without its permission. In Arizona, Ethics Rule 1.16(a)(3), which requires a lawyer to terminate representation if discharged by the client, is

- 2 -

1  explicitly qualified by Rule 1.16(c).  Rule 1.16(c) provides that a "lawyer shall comply
2  with applicable law requiring notice to or permission of a tribunal when terminating a
3  representation.  When ordered to do so by a tribunal, a lawyer shall continue
4  representation notwithstanding good cause for terminating the representation."  Because
5  Local Rule of Civil Procedure 83.3(b) requires an order of the Court to withdraw, Mr.
6  Parrish would not be in violation of his ethical obligations should the Court refuse to
7  permit his withdrawal.

8        In addition, Mr. Parrish argues that under Local Rule of Civil Procedure 83.3(a),
9  he has completed his responsibility.  Specifically, Mr. Parrish argues that the final
10 judgment was entered in 2001 and Mr. Palm was held in contempt in 2002.  Local Rule of
11 Civil Procedure 83.3(a) provides that "[a]n attorney of record shall be deemed responsible
12 as attorney of record in all matters before and *after judgment* until the time for appeal
13 expires *or until there has been a formal withdrawal from or substitution in the case*."
14 LRCiv 83.3(a) (emphasis added).  It is not clear how this rule helps Mr. Parrish.  If
15 anything, it highlights the need for an attorney of record during post-judgment
16 proceedings such as this.  While the Court is mindful that Mr. Parrish has been counsel of
17 record for five years following the entry of the final judgment, this alone does not provide
18 a reason for withdrawal, especially because there has still been no satisfaction of the
19 judgment.

20 **IV.  Holding**

21       In this case, a judgment has been entered against Mr. Palm and he, on his own
22 accord, chose to flee to British Columbia.  Thus, Mr. Palm's local counsel provides an
23 invaluable mechanism for communication and service upon Mr. Palm in his absence.
24 Considering the circumstances of this case, including Mr. Palm's contempt of court and
25 current residence in British Columbia, the Court believes that Mr. Parrish's withdrawal
26 without substitution of local counsel would hinder the current post-judgment proceedings.
27 The Court is mindful of the difficulties Mr. Parrish and his law firm will face in the
28 representation of an unwilling client.  The Court is equally mindful, however, of the

1  difficulties Plaintiff faces in trying to enforce a judgment against an absconded party.
2  Nevertheless, at this stage of the proceedings, on the eave of a preliminary injunction
3  hearing on August 30, 2007, the Court believes that granting Mr. Parrish's request to
4  withdraw would leave it "without a reliable mechanism for responsible supervision of the
5  post-judgment aspects of this litigation." <u>Ohntrup</u>, 802 F.2d at 679.  Thus, the Court will
6  deny Mr. Parrish's application without prejudice to raise this issue at a later time.

   Accordingly,

   **IT IS ORDERED** denying the Ex Parte Application to Withdraw as Counsel of Record (Dkt. 302) without prejudice.

   DATED this 23rd day of August, 2007.

   */s/ Earl H. Carroll*
   Earl H. Carroll
   United States District Judge